E-FILED
Monday, 17 December, 2007  11:57:17 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DOUGLAS L. MILLER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:07-CV-02195 MPM-DGB |
| NORTH AMERICAN LIGHTING, INC., and PARIS COMMUNITY HOSPITAL/ FAMILY MEDICAL CENTER | ) |
| Defendants. | ) |

**ANSWER OF DEFENDANT NORTH AMERICAN LIGHTING, INC. TO COMPLAINT**

COMES NOW Defendant NORTH AMERICAN LIGHTING, INC., by its attorneys, and for its Answer to Plaintiff's Complaint, states as follows:

### I.   FACTUAL ALLEGATIONS

1. Defendant can neither admit or deny the location of Plaintiff's residency and therefore denies the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff was capable of performing his job duties but otherwise denies the allegations Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff claimed to suffer some sort of difficulties with bronchial asthma in his first request for FMLA leave which was approved in September 2004. In September and October 2005, Plaintiff again applied for and was granted FMLA leave related to bronchial asthma pharyngitis, and sinusitis and all paper work and medical information was provided to verify his need for the FMLA leave, but otherwise denies the allegations of Paragraph 4 of the Complaint.

5. Defendant denies the allegations of Paragraph 5 of the Complaint.

6. Defendant is without sufficient information to either admit or deny the numerous allegations of Paragraph 6 of the Complaint and therefore denies said allegations.

7. Defendant admits that Plaintiff's employment was terminated in a meeting with his supervisor and the human resources manager for the Paris Plant as a result of a positive drug test for THC but otherwise denies the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff was capable of performing all essential functions of his material handler position but otherwise denies the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff had not exhausted all of his available FMLA leave at the time his employment was terminated but otherwise denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 14 of the Complaint.

## II.   JURISDICTION AND VENUE

15. Defendant admits that this Court has subject matter jurisdiction pursuant to the cited federal statutes but otherwise denies the allegations of Paragraph 15 of the Complaint.

16. Defendant admits that venue is proper in this Court pursuant to the cited statute but otherwise denies the allegations of Paragraph 16 of the Complaint.

### III.   PARTIES

17. Defendant is without sufficient information to either admit or deny the residence or domicile of Plaintiff during the period in question and therefore denies the allegations of Paragraph 17 of the Complaint.

18. Defendant admits the allegations of Paragraph 18 of the Complaint.

19. The allegations of Paragraph 19 do not relate to Defendant and therefore no answer is necessary.

### IV.   ADMINISTRATIVE PROCEDURES

20. Defendant admits the allegations of Paragraph 20 of the Complaint.

### V.   STATEMENT OF CLAIMS

**A.   CLAIMS UNDER THE FAMILY AND MEDICAL LEAVE ACT AGAINST NAL**

21. Defendant incorporates its answers to Paragraphs 1 through 14 above for its answer to Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant admits the allegations of Paragraph 23 but denies that it terminated Plaintiff in order to interfere with his right to take FMLA leave.

24. Defendant admits the allegations of Paragraph 24 of the Complaint but denies that it terminated Plaintiff in order to discriminate and retaliate against him for having taken leave under the FMLA and continuing to use his FMLA intermittent medical leave rights.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant admits the allegations of Paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff's asthma condition was considered to be a serious health condition for purposes of the FMLA and that Plaintiff advised Defendant of his need to intermittent leave as it arose, but otherwise denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 29 of the Complaint.

B. **CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT AGAINST NAL**

30. Defendant incorporates its answers to Paragraphs 1 through 14 above for its answer to Paragraph 30 of the Complaint.

31. Defendant is without sufficient information to either admit or deny the numerous allegations of Paragraph 31 of the Complaint and therefore denies said allegations.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant admits that Plaintiff's job performance was generally satisfactory but is without sufficient information to either admit or deny the remaining allegations of Paragraph 35 of the Complaint and therefore denies said allegations.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 38 of the Complaint.

39. Defendant admits the allegations of Paragraph 39 of the Complaint but denies that Plaintiff is entitled to any attorneys fees, costs or expenses from Defendant.

### C.  CLAIMS FOR NEGLIGENT PERFORMANCE OF A DRUG TEST AGAINST PARIS COMMUNITY HOSPITAL/FAMILY MEDICAL CENTER

40. The allegations of Paragraphs 40 through 45 of the Complaint do no apply to Defendant and therefore no answer is required.

41. Defendant denies that Plaintiff is entitled to any of the relief sought in the prayer for relief.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's employment was terminated for legitimate, non-discriminatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

Defendant would have made the same decision to terminate Plaintiff's employment based on the positive drug test result regardless of his alleged status as a qualified individual with a disability and/or his FMLA requests and eligibility.

### FOURTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and with reasonable grounds to rely on the results of the positive drug test as reported by the Paris Community Hospital.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages which could be submitted to a jury.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonably diligence in seeking and securing employment since March 27, 2006 to mitigate his alleged loss of wages and benefits.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of wrongful termination are frivolous and without basis and fact and entitle Defendant to an award of its attorneys fees in the defense of this action.

WHEREFORE, Defendant having fully answered Plaintiff's Complaint and set forth its Affirmative Defenses respectfully requests that the Complaint be dismissed at Plaintiff's costs and with an award to Defendant of its attorneys fees.

{150786 v1}

Respectfully submitted,

MCMAHON BERGER, P.C.


/s/ John B. Renick
John B. Renick, MBE 21468
Stephen B. Maule, MBE 44209
2730 North Ballas Road, Suite 200
P.O. Box 31901
St. Louis, MO 63131-3039
(314) 567-7350
(314) 567-5968 – facsimile

Attorney for Defendant


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on __17th__ day of December, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Robert P. Kondras, Jr.
Hunt, Hassler & Lorenz, LLP
100 Cherry Street
P.O. Box 1527
Terre Haute, IN  47808-1527

/s/ John B. Renick