UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DOUGLAS L. MILLER )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>NORTH AMERICAN LIGHTING, INC. )<br>and PARIS COMMUNITY HOSPITAL/ )<br>FAMILY MEDICAL CENTER )<br>)<br>    Defendants. ) | CAUSE NO.  2:07-CV-2195-MPM-DGB |

**JOINT DISCOVERY PLAN**

**I.**     **Parties and Representatives**

    A.     Plaintiff: Douglas L. Miller
          Counsel for Plaintiff:

          Robert P. Kondras, Jr.
          HUNT, HASSLER & LORENZ LLP
          100 Cherry Street
          PO Box 1527
          Terre Haute, IN 47808
          (812) 232-9691
          (812) 234-2881 - fax
          kondras@huntlawfirm.net

    B.     Defendant: North American Lighting, Inc.
          Counsel for Defendant:

          John B. Renick
          Stephen B. Maule
          McMAHON, BERGER, HANNA,
          LINIHAN, CODY & McCARTHY
          2730 North Ballas Road, Suite 200
          P.O. Box 31901
          St. Louis, MO 63131-3039
          (314) 567-7350
          (314) 567-5968 - facsimile
          RENICK@mcmahonberger.com

Defendant: Paris Community Hospital/Family Medical Center
Counsel for Defendant:

Daniel P. Wurl
DOBBINS, FRAKER, TENNANT,
JOY & PERLSTEIN, P.C.
215 North Neil Street
Champaign, IL 61820
(217) 356-7233
(217) 356-3548 - facsimile
dwurl@dobbinslaw.com

**II.   Pretrial Pleadings and Disclosures**

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before March 15, 2008, and shall at that time file a notice with the Court that such disclosures have been served.

B. Plaintiff shall file preliminary witness and exhibit lists on or before March 15, 2008.

C. Defendant shall file preliminary witness and exhibit lists on or before April 15, 2008.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before March 15, 2008.

E. Plaintiff shall serve Defendant a statement of special damages, if any, and make a settlement demand, on or before April 15, 2008.  Defendant shall serve on the Plaintiff a response thereto within 30 days after receipt of the demand.

F. Plaintiff shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before December 15, 2008.  However, if Plaintiff uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

G. Defendant shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days after Plaintiff serves its expert witness disclosure; or if none, Defendant shall make its expert disclosure on or before January 15, 2009.  However, if Defendant uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 30 days prior to the summary judgment deadline.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections by February 15, 2009.  Any party who wishes to preclude expert

    witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

 I. All parties shall file and serve their final witness and exhibit lists on or before December 15, 2008.

 J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

 K. The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party.

**III.** **Discovery and Dispositive Motions**

 A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?
Plaintiff is unlikely to file a motion for summary judgment.

Defendant North American Lighting, Inc. intends to file a motion for summary judgment on all issues.

Defendant Paris Community Hospital/Family Medical Center may file a motion for summary judgment on the claims against it.

1. Select the track that best suits this case:

 ____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____.

 __X__ Track 2: Dispositive motions are expected and shall be filed by November 1, 2008; non-expert witness discovery and discovery relating to liability issues shall be completed by October 1, 2008; expert witness discovery and discovery relating to damages shall be completed by April 1, 2009.

 ____ Track 3: Dispositive motions are expected and shall be filed no later than _____; expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____; all remaining discovery shall be completed by _____.

 ____ Track 4: Dispositive motions shall be filed by _____; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.

**IV.** **Pre-Trial/Settlement Conferences**

The parties are willing to participate in a settlement conference with the Magistrate Judge and would request that such a settlement conference be scheduled in July 2008.

**V.     Trial Date**

The presumptive month of trial is May 2009. The trial is by jury and is anticipated to take approximately 3 days.

**VI.    Referral to Magistrate Judge**

At this time, all parties have not consented to refer this matter to the Magistrate Judge for trial.

**VII.   Required Pre-Trial Preparation**

1. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

    1. File a list of witnesses who are expected to be called to testify at trial.

    2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

    3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

    4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

        1. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        2. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    5. Provide all other parties and the Court with any trial briefs and motions in

      limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**2. ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

    1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## VIII. Other Matters

None.

    /s/ Robert P. Kondras, Jr.
Robert P. Kondras, Jr., Counsel for Plaintiff

    /s/ John B. Renick
John B. Renick, Counsel for Defendant North American Lighting, Inc.

    /s/ Daniel P. Wurl
Daniel P. Wurl, Counsel for Defendant Paris Community Hospital

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____    APPROVED AS SUBMITTED.

_____    APPROVED AS AMENDED PER SEPARATE ORDER.

_____    APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____    APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____    THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____.

_____    A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M.  COUNSEL SHALL APPEAR:

_____    IN PERSON IN ROOM _____; OR

_____    BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE MAGISTRATE AT (\_\_\_\_) _____.

_____

_____

_____

_____    _____
Date                              District/Magistrate Judge

                                  Central District of Illinois