UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **DOUGLAS L. MILLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | )    Case No.  07-2195 |
| **NORTH AMERICAN LIGHTING INC.** and | ) |
| **PARIS COMMUNITY HOSPITAL/** | ) |
| **FAMILY MEDICAL CENTER,** | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

Upon request of the parties, by counsel, and the Court being otherwise sufficiently advised,

**IT IS ORDERED HEREIN AS FOLLOWS:**

1.  That this matter be, and hereby is, scheduled for a settlement conference before the undersigned on **July 23, 2008, at 1:00 p.m.**, Courtroom C, United States Courthouse, 201 South Vine Street, **Urbana**, Illinois.

2.  That said settlement conference shall be attended by the parties' lead trial counsel, as well as all parties themselves, or a corporate/carrier representative with full settlement authority. *G. Heilman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653-654 (7th Cir. 1989).

3.  That ***by no later than*** the close of business of **July 16, 2008,** each counsel herein shall advise the undersigned by separate letter, of the following information:

    (a)   a brief analysis of key issues involved in the litigation.

    (b)   a description of the strongest and weakest legal and factual points in counsel's client's case.

    (c)   a description of the strongest and weakest legal and factual points in the opponent's case.

    (d)   the specifics of any and all settlement demands and/or offers made to date, including any made prior to the commencement of this action;

   (e) the particular action, if any, which counsel would suggest that the undersigned take at said settlement conference to facilitate the settlement of this action.

   (f) plaintiff's counsel shall also itemize all damages claimed and the prospect for recovery as to each item of damages claimed.

   (g) counsel's preference, if any for evaluative or facilitative approach to mediation.

   (h) the settlement proposal that counsel's client believes would be fair.

   (i) the settlement proposal that counsel's client would be willing to make in order to conclude the matter and stop the expense of litigation.

 4. That said separate letters to the undersigned shall be transmitted to the following address: Room 114 United States Courthouse, 201 South Vine Street, **Urbana**, Illinois 61801. To facilitate candor, and to protect counsels' work product immunity, a copy of each such letter shall <u>not</u> be served upon opposing counsel, and the undersigned will maintain the confidentiality of all such correspondence and the information contained therein.

 5. **At least fourteen (14) days prior to the conference**, counsel shall engage in meaningful settlement discussions which, at a minimum, shall include a reasonable demand by the plaintiff(s) and a reasonable offer by the defendant(s). During or prior to these discussions, counsel for plaintiff(s) shall provide counsel for defendant(s) with a written breakdown of any demand for money damages. The settlement discussions between counsel should include an identification by each side of the witnesses who will be called at trial, a summary of their anticipated testimony, and a detailed description of any other evidence supporting the party's position with respect to both liability and damages. If a party's settlement position is based in whole or in part upon the opinion of a physician or other expert, such opinion, along with any written report by the physician or expert, shall be disclosed to opposing party. Counsel are encouraged to make a concerted effort to settle the case on their own prior to the formal settlement conference.

 ENTER this 23rd day of May, 2008.

               s/ DAVID G. BERNTHAL
               U.S. MAGISTRATE JUDGE