UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DOUGLAS L. MILLER, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 2:07-CV-02195 |
| NORTH AMERICAN LIGHTING, INC., and PARIS COMMUNITY HOSPITAL/ FAMILY MEDICAL CENTER, | ) |
|         Defendants. | ) |

**AGREED HIPAA PROTECTIVE ORDER**

The parties, pursuant to Supreme Court Rule 201(c)(1) and 45 C.F.R. 64.512, have agreed, and this Court finds that good cause exists for the entry of a HIPAA Qualified Protective Order to prevent the unauthorized disclosure and direct use of protected health information during the course of this litigation,

Accordingly, IT IS HEREBY ORDERED:

1. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive and transmit **Written Medical Records, Scans, X-Rays, Invoices, and Bills**, "protective health information" (also referred to herein as "PHI") pertaining to **DOUGLAS L. MILLER** to the extent and subject to the conditions outlined herein.

2. For the purposes of this Qualified Protection Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to

disclose PHI pertaining to **DOUGLAS L. MILLER** to all attorneys now of record in this matter or who may become of record in the future of this litigation.

4. The parties and their attorneys shall be permitted to use the PHI of **DOUGLAS L. MILLER** in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

5. At the conclusion of the litigation as to any defendant (which shall be defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant and any person or entity in possession of PHI received from that defendant pursuant to Paragraph 4 of this order shall either (a) destroy, or (b) return to the entity who originally produced it, all PHI including all copies made; provided, however, that said PHI may be retained in the files of the law firms handling this litigation and may be destroyed pursuant to their regular file retention policies so long as the PHI is maintained in a secure environment. Except, the defendant that is no longer in the litigation may retain PHI generated by him/her/it; and 2) the remaining defendants in the litigation, and persons or entities receiving PHI from those defendants pursuant to paragraph 4 of this order, may retain PHI in their possession.

6. This order shall not control or limit the use of protected health information pertaining to **DOUGLAS L. MILLER** that comes into the possession of any party or any party's attorney from a source <u>other than</u> a "covered entity," (as that term is defined in 45 CFR 160.103).

7. Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests and depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and

2

Developmental Disabilities Confidentiality (740 ILCS 110/1 et seq.), the Aids Confidentiality Act (410 ILCS 305/1 et seq.) or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and 290ee-3, and 42 CFR Part 2).

8. Nothing in this order authorizes defense counsel and/or its agents to have ex-parte conversations or communications with any physician or health care provider.

ENTERED this 4th day of June, 2008.

s/David G. Bernthal
Magistrate Judge

APPROVED:

HUNT, HASSLER & LORENZ, LLP
Attorneys for Plaintiff

By: s/ Robert P. Kondras
   Robert P. Kondras, Esq.
   Attorney No. 18038-84
   Attorney for Plaintiff,
   Douglas L. Miller
   100 Cherry Street
   P.O. Box 1527
   Terre Haute, IN 47808
   812-232-9691

DOBBINS, FRAKER, TENNANT,
JOY & PERLSTEIN, P.C.
Attorneys for Defendant Paris Community
Hospital/Family Medical Center

By: s/ Daniel P. Wurl
   Daniel P. Wurl
   Attorney for Defendant
   DOBBINS, FRAKER, TENNANT,
   JOY & PERLSTEIN, P.C.
   215 North Neil Street
   Champaign, Illinois 61820
   Telephone: (217) 356-7233
   Fax: (217) 356-3548
   E-mail: dwurl@dobbinslaw.com

McMAHON & BERGER
Attorneys for Defendant North American
Lighting, Inc.

By: s/ John B. Renick
   John B. Renick
   McMAHON BERGER, P.C.
   2730 North Ballas Road, Suite 200
   P.O. Box 31901
   St. Louis, MO 63131-3039
   (314) 567-7350
   (314) 567-5968 – facsimile
   email: renick@mcmahonberger.com